### PHILIP MENDLOVITZ ET AL. v. THE STATE.

#### No. 4247.  Decided November 1, 1916.

**1.—Scire Facias—Writ of Error—Bill of Exceptions—Statement of Facts.**

In the absence of a bill of exceptions and a statement of facts, assignments of error, or brief by plaintiff in error, the case must be affirmed, which was brought to this court on writ of error on a scire facias proceeding.

**2.—Same—Scire Facias—Civil Case—Rule Stated—Practice on Appeal—Brief.**

Where the case was brought to this court on writ of error, in a scire facias proceeding, the rule governing appeals in civil cases obtains, and, in the absence of a brief filed in the lower court, the appeal must be dismissed on motion of the State.  Following Jay v. State, 34 Texas Crim. Rep., 98, and other cases.

Appeal from the District Court of Fayette.  Tried below before the Hon. Frank S. Roberts.

Appeal from a scire facias proceeding and judgment on bail bond in the sum of three thousand dollars.

The opinion states the case.

No brief on file for appellants.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—The appellants bring this case to this court on writ of error, sued out the 26th day of last June, the bond being filed on that day.  The district and county attorneys accepted service on the writ on the 27th day of June, the transcript being filed in this court on the 19th day of September, 1916.  The transcript before us contains only the judgment nisi, citation to appellants showing service on each of them, their answer, filed on May 10, 1916, and the final judgment of the court entered on May 17, 1916.

No bill of exceptions reserved to any action of the court had on the trial of the case is presented in the record.  No statement of the evidence adduced on the trial accompanies the record.  As the case was tried before the court, no motion for a new trial was filed, or, if so, it does not accompany this record.  No assignments of error were filed in the trial court, and no brief filed in this court.

If we look to the answer of the appellants we see that therein are presented several exceptions to the sufficiency of the judgment nisi, but if such exceptions were ever presented to the trial court, his action thereon is not shown by the record.  After answer filed, this judgment would have been subject to amendment, and if the exceptions had been presented to the court, doubtless he would have permitted it to be amended in the respects complained of, and if such exceptions were in fact presented to the trial court, and his action thereon was shown by this record, such order might also show an amendment of the pleadings and judgment to cure the alleged defective entries.  (Art. 499.)

But there is one feature of this case that prevents us from giving consideration to any or all the grounds alleged in the answer, which is the only paper we have before us making any complaint whatsoever. and it was filed before final judgment, and that is no brief has ever been filed in this case. The statute provides that on appeal these cases shall be governed by the rule governing appeals in civil cases on appeal, and it is the rule that unless briefs have been filed in the court below and in the Court of Criminal Appeals, such appeal will be dismissed. Jay v. State, 34 Texas Crim. Rep., 98; Lewis v. State, 38 S. W. Rep., 205; Sparks v. State, 47 S. W. Rep., 976.

Under the uniform decisions of this court the prayer of the State asking that this case be dismissed must be sustained.

The appeal is dismissed.                                   *Dismissed.*